UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

**KAMIL ALMAGASLAH**,
    Plaintiff,

v.

**BOEING DISTRIBUTION SERVICES, INC.,**
    Defendant.
_____

**COMPLAINT**
(JURY TRIAL DEMANDED)

Plaintiff, KAMIL ALMAGASLAH, by counsel, sues the Defendant, BOEING DISTRIBUTION SERVICES, INC. ("BOEING"), and as grounds alleges:

JURISDICTION, VENUE, AND PARTIES

1. This is an action arising under the Civil Rights Act of 1871, 42 U.S.C. §1981 (§1981) seeking declaratory, injunctive, and equitable relief, plus damages, costs, and reasonable attorney's fees.

2. This action asserts cognizable claims under the Family and Medical Leave Act, 29 U.S. Code § 2601 et seq, for interference.

3. Plaintiff, KAMIL ALMAGASLAH ("ALMAGASLAH"), is a native of Saudi Arabia and a permanent resident of the United States, residing in Miami-Dade County, Florida. His ethnicity is Arabian or Arab.

4. Defendant BOEING is a Delaware corporation and is a government contractor and thus, is subject to the provisions of §1981 and Executive Order 11246, as amended. Its business headquarters is located in Miami-Dade County, Florida.

5. The Court has jurisdiction pursuant to 28 U.S.C. §l331 and §l343, 42 U.S.C. 2000(e), and 29 U.S.C. §2l6(b), as this action arises under federal law.

6. Venue may be maintained in the Southern District of Florida pursuant to 28 U.S.C. §l39l(b) because the unlawful employment practices giving rise to this action were committed in this district and all parties reside and/or conduct business in this district.

## GENERAL ALLEGATIONS

7. Plaintiff came to the United States on an educational visa to study at Northern Kentucky University ("NKU") which awarded him a bachelor's degree in engineering.

8. While at NKU, he met and married his spouse and, consequently, received a green card.

9. He began working for the Defendant in November of 2019 as a Customer Quality Engineer.

10. Plaintiff was the only Arab working in quality control and, to the best of his knowledge, in the facility.

11. Boeing is a military contractor selling goods and equipment and performing services to the armed services of the United States.

12. In the Spring of 2020, Boeing imposed mandatory furloughs where employees would work three weeks and then be off one. During these furloughs, employees were forbidden to do any work.

13. As a result of these furloughs and work restrictions, many emails built up for all the quality engineers. As will be shown however, Plaintiff was the only one placed on a performance improvement plan.

14. Plaintiff was diagnosed with COVID-19 in August, 2021 and was placed in intensive care for a week.

15. Despite his diagnosis and BOEING's human resources department having direct knowledge of his hospitalization and return to work, Boeing never sent him any paperwork concerning his eligibility and rights under the Family and Medical Leave Act.

16. As an immigrant to the United States, and as an employee who had never been eligible for or afforded rights and benefits under the FMLA, Plaintiff did not know his rights under the law.

17. The Human Resources Department had actual knowledge that Plaintiff has never, while at Boeing, sought, afforded, or offered FMLA benefits.

18. The Defendant failed to give notice under the FMLA of Plaintiff's eligibility as required by 29 C.F.R. § 825.300(b)(1), which states that "[w]hen an employee requests FMLA leave, or <u>when the employer acquires knowledge that an employee's leave may be for an FMLA qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances.</u>"

19. The Defendant also failed to deliver to Plaintiff his "rights and responsibilities" notice under 29 C.F.R. § 825.300(c), which must be provided at the same time as the eligibility notice. This notice must inform the employee, among other things, (1) "[t]hat the leave may be designated and counted against the employee's annual FMLA leave entitlement ... and the applicable 12-month period for FMLA entitlement," (2) "the employee's right to substitute paid leave ...," and (3) "the employee's rights to maintenance of benefits during the FMLA leave and restoration to the same or equivalent job upon return from FMLA leave." 29 C.F.R. § 825.300(c)(i), (iii), and (vi). Under 29 C.F.R. § 825.300(e), "[f]ailure to follow the notice

requirements ... may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights."

20. Plaintiff was in fact FMLA eligible at the time he first had COVID in that he had been employed over one year and worked over 1250 in the previous rolling calendar year. His employer had more than 50 employees in the seventy-five-mile radius of his workplace.

21. In the winter of 2022, Susana Boyer became Plaintiff's supervisor.

22. Boyer singled out Plaintiff for differential treatment.

23. On or about March 9, 2022, Plaintiff rejected a merit increase in protest over the discrimination he had been subjected to.

24. He was placed on a sixty-day performance improvement plan ("PIP") on March 15, 2022.

25. Plaintiff successfully completed his plan only to have Boyer extend it without cause for another thirty days.

26. Plaintiff was diagnosed with his second round of COVID on June 8, 2022. Although this round was not as severe as the first infection, he was seriously ill and eligible for FMLA leave.

27. Once again, the Defendant failed to apprise him of his eligibility or the rights and responsibilities under the act.

28. Had Plaintiff known of his rights or the amount of future benefits, he would have elected leave.

29. Instead, he continued to work under the pressure of a hostile and discriminatory supervisor.

30. Plaintiff was terminated on June 30, 2022, a time in which he should have been on FMLA leave

## COUNT I RACE DISCRIMINATION (§1981)

31. Plaintiff adopts and reincorporates ¶ 1-30 herein.

32. The conduct of BOEING, by and through the conduct of their agents, in discriminating against ALMAGASLAH by treating him differently from other quality engineers who performed the same job duties as Plaintiff and had the damage issues regarding email as Plaintiff but were not placed on any PIP.

33. BOEING discriminated against ALMAGASLAH on account of his ethnicity in violation of §1981.

34. As a direct, natural, foreseeable and proximate result of the actions and inactions of BOEING, by and through the actions of its managerial personnel, ALMAGASLAH has suffered injuries and losses including a violation of his statutory rights, economic loss, mental pain and suffering and extreme emotional stress, and loss of ability to lead a normal life, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, ALMAGASLAH prays for the following relief:

   a. Entry of judgment for restitutionary, compensatory, and punitive damages, including but not limited to, damages for emotional pain and suffering, anguish, injury to reputation, and loss of capacity to enjoy life;

   b. Award ALMAGASLAH costs in this action, including reasonable attorneys' fees and expert fees as provided by 42 U.S.C. §1988; and

   c. Any other equitable relief deemed appropriate by the Court.

## COUNT II RETALIATION (§1981)

35. Plaintiff adopts and reincorporates ¶ 1-30 herein.

36. The conduct of BOEING, by and through the conduct of their agents, in retaliating against ALMAGASLAH by terminating him and by altering the terms and conditions of his employment, was in violation of §1981 following his objection to its discriminatory conduct by rejection of a merit pay increase.

37. As a direct, natural, foreseeable, and proximate result of the actions and inactions of BOEING, by and through the actions of its managerial personnel, ALMAGASLAH has suffered injuries and losses including a violation of his statutory rights, economic loss, mental pain and suffering and extreme emotional stress, and loss of ability to lead a normal life, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, ALMAGASLAH pray for the following relief:

    a. Entry of judgment for restitutionary, compensatory, and punitive damages, including but not limited to, damages for emotional pain and suffering, anguish, injury to reputation, and loss of capacity to enjoy life;

    b. Award ALMAGASLAH costs in this action, including reasonable attorneys' fees and expert fees as provided by 42 U.S.C. §1988; and

    c. Any other equitable relief deemed appropriate by the Court.

## COUNT III FMLA INTERFERENCE

38. Plaintiff adopts and reincorporates ¶ 1-30 herein.

39. The Plaintiff was a FMLA qualified employee at the time of the events set forth herein for the forgoing reasons:

    a. He worked in excess of twelve months;

6

      b. He worked in excess of 1250 hours in the previous rolling calendar year; and

      c. BOEING has over 50 employees who work within seventy-five miles of ALMAGASLAH place of employment.

40. BOEING was aware that Plaintiff's COVID-19 was a FMLA qualifying event and that Plaintiff was a FMLA eligible employee.

41. BOEING, despite having a human resources department which had specific knowledge of Plaintiff's eligibility for the FMLA, never sought to advise Plaintiff of his rights under the FMLA at any time.

42. Plaintiff would have elected to exercise his rights under the FMLA if only his employer had provided the proper notice.

43. The Defendant violated FMLA and interfered with Plaintiff's rights under FMLA when it terminated Plaintiff on June 30, 2022.

WHEREFORE, Plaintiff prays the following relief:

      a. For the entry of a judgment for damages against the Defendant for damages including back pay, benefits, accrued seniority, medical expenses, cost of job searches, moving, liquidated damages, and attorney's fees;

      b. Plaintiff further prays for the entry of a judgment declaring the Defendant violated FMLA, together with an order of reinstatement, or, in the alternative, front pay; and

      c. Any such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
Counsel for Plaintiff
2645 Executive Park Drive
Weston, Fla. 33331
T: (954) 618-1041